IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAY 20 A 10:__

CLERK R. Askin
SO. DIST. OF GA.

TRACY ANTHONY MILLER,

    Plaintiff,

v.       CIVIL ACTION NO.: CV613-025

BRIAN OWENS; CINTHIA NELSON;
BILLY NICHOLS; BRUCE CHAPMAN;
Dr. BROOM; CALVIN BROWN;
ATTORNEY GENERAL OFFICE
DEPARTMENT OF LAW; GEORGIA
DEPARTMENT OF CORRECTIONS;
RICKY MYRICK; and SHARON LEWIS,

    Defendants.

## ORDER

Plaintiff, who is currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a cause of action contesting the conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Plaintiff states that "Defendants" have violated his First, Fourth, Eighth, and Fourteenth Amendment rights on an ongoing basis. Plaintiff also states that he alleges ongoing violations of Title II of the Americans with Disabilities Act of 1990 and the Religious Land Use and Institutionalized Persons Act of 2000. Plaintiff names ten (10) entities as Defendants.[1] Plaintiff makes several allegations, including: "Defendants" are liable because Georgia State Prison is not equipped to house disabled inmates; he has been denied prescribed treatments and surgeries; wheelchair-bound inmates cannot attend church services; he

---

[1] The Clerk of Court is directed to add "Sharon Lewis" as a named Defendant. (Doc. Nos. 1, 10).

AO 72A
(Rev. 8/82)

has not been provided with a proper toilet or catheters; he is not afforded privileges such as newspapers and television; he was transferred to Georgia State Prison improperly; "prison staff" have retaliated against him because he has filed grievances; the prison does not have batteries or repairs for wheelchairs and braces; he was denied the majority of his meals in an almost three-week period; and he cannot obtain care for infected teeth.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).  Plaintiff has failed to do so.  Instead, Plaintiff's Complaint is an example of a "shotgun pleading", i.e., a pleading that does not comply with Rule 8 and "make[s] it unreasonably difficult to evaluate or respond to the pleader's claims." Jones Creek Investors, LLC v. Columbia Cnty., Ga., No. CV111-174, 2011 WL 7446789, at *2 (S.D. Ga. Dec. 9, 2011) (citing Ledford v. Peeples, 657 F.3d 1222, 1239 (11th Cir. 2011)).  Accordingly, Plaintiff is directed to recast his Complaint within thirty (30) days of this Order so that the Court can conduct the requisite frivolity review.  See FED. R. CIV. P. 8 &10.  Plaintiff shall make specific factual allegations against each Defendant or Defendants he contends violated his rights and under what theory of liability against each Defendant or Defendants he wishes to pursue.  Plaintiff's failure to respond to this Court's directive in an appropriate manner may result in the dismissal of his Complaint.

**SO ORDERED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)