IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 AUG -9 A 10: 53

CLERK _____
SO. DIST. OF GA.

TRACY ANTHONY MILLER,

    Plaintiff,

v.                                   CIVIL ACTION NO.: CV613-025

BRIAN OWENS; CINTHIA NELSON;
BILLY NICHOLS; BRUCE CHAPMAN;
Dr. BROOM; CALVIN BROWN;
ATTORNEY GENERAL OFFICE
DEPARTMENT OF LAW; GEORGIA
DEPARTMENT OF CORRECTIONS;
RICKY MYRICK; and SHARON LEWIS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

By Order dated May 20, 2013, Plaintiff was advised that his original Complaint was written in a way which made it difficult to evaluate on frivolity review. Plaintiff was also advised that he was to recast his Complaint, making specific factual allegations against each Defendant and under which theory or theories of liability he wished to pursue against each Defendant. Plaintiff filed his recasted Complaint. It appears Plaintiff wishes to pursue claims stemming for the alleged violations of his constitutional rights, Title II of the Americans with Disabilities Act of 1990 ("ADA"), and the Religious Land Use and Institutionalized Persons Action of 2000 ("RLUIPA").

Plaintiff begins his recasted Complaint by stating that the entity Defendants, the Georgia Department of Corrections and Georgia State Prison ("GSP"), as well as the individually-named Defendants in their official capacities, are "public entities" under the

ADA. Plaintiff asserts that the § 1983 Defendants (though he does not state which of the named Defendants qualifies as such) acted under color of state law within the scope of their employment. Plaintiff also asserts that the § 1983 Defendants and the ADA Defendants denied him his Eighth Amendment rights, as enforced through the Fourteenth Amendment, in violation of the ADA and section 1983. (Doc. No. 16, p. 2). Plaintiff alleges that Defendants Lewis, Owens, Nelson, and Brown knew for almost a month that GSP is not equipped to house disabled inmates. Plaintiff also alleges that he was: denied prescribed treatments and surgeries; not given a proper toilet or catheters; denied privileges, such as television, batteries for his tens unit, wheelchair repairs, and braces; denied the majority of his meals; and denied care for his infected teeth. Plaintiff states that GSP does not provide indoor or outdoor recreation, the showers and rooms are not adequate for inmates in wheelchairs, and there is no access to the law library, church services, gym, restrooms, educational buildings, counseling, telephones, or medically assisted living.

While Plaintiff followed the spirit of the undersigned's Order, he did not follow the letter of that Order. To be clear, Plaintiff is directed to file another Complaint and set forth the nature of his claims against each Defendant, how that Defendant should be characterized (e.g., as an "Eighth Amendment defendant"), and how his various claims are related to each other. FED. R. CIV. P. 20. In addition, Plaintiff is directed to advise the Court if he wishes to dismiss any of his claims and/or Defendants from this cause of action based on the fact that he has been transferred from Georgia State Prison.

AO 72A
(Rev. 8/82)

Plaintiff has filed several Motions for Injunctive Relief. As Plaintiff has been transferred from Georgia State Prison, his Motions for Injunctive Relief, (Doc. Nos. 12, 13, 15, 17), should be **DISMISSED** as moot.

Plaintiff filed this Complaint on March 14, 2013, while he was incarcerated at Georgia State Prison in Reidsville, Georgia. By Order dated March 18, 2013, Plaintiff's application to proceed *in forma pauperis* was granted. In that same Order, Plaintiff was directed to provide a certified copy of his inmate trust account statement for the six month period immediately preceding the date of filing the complaint. The inmate trust account statements submitted by Plaintiff covered receipts from January 8, 2009, through August 8, 2012, and withdrawals from July 6, 2012, through August 22, 2013. Plaintiff is directed to provide a <u>certified copy</u> of his inmate trust account statement from Augusta State Medical Prison covering the period from September 14, 2012, through March 14, 2013.

Plaintiff shall file his responses to the directives of this Order within thirty (30) days of the date of this Order. Plaintiff's failure to do so may result in the dismissal of his Complaint.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 9th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TRACY ANTHONY MILLER,

    Plaintiff,

v.

BRIAN OWENS; CINTHIA NELSON;
BILLY NICHOLS; BRUCE CHAPMAN;
Dr. BROOM; CALVIN BROWN;
ATTORNEY GENERAL OFFICE
DEPARTMENT OF LAW; GEORGIA
DEPARTMENT OF CORRECTIONS;
and RICKY MYRICK,

    Defendants.

CIVIL ACTION NO.: CV613-025

## PRISONER TRUST FUND ACCOUNT STATEMENT

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint. The plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT:**     <u>March 14, 2013</u>
                                                                                                (to be completed by the clerk)

**AVERAGE MONTHLY DEPOSITS** during the
six months prior to filing of the complaint:         _____

**AVERAGE MONTHLY BALANCE** during the
six months prior to filing of the complaint:         _____

I certify that the above information accurately states the deposits and balances in the plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____    _____
**Signature of Authorized Officer of Institution**    **Date**

_____
**Print or Type Name**